892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirley ARAUJO, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary of the Army; Clarence Thomas,
Defendants-Appellees.
 No. 88-1725.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1989.*
Decided Dec. 14, 1989.
 
 Before FARRIS, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shirley Araujo ("Araujo" or "Appellant") appeals the entry of summary judgment for defendants on her second cause of action, wherein Araujo alleged that she was denied placement as the Hispanic Employment Program Manager ("HEPM") at the Sacramento Army Depot ("SAAD"), allegedly in reprisal for activities protected under Title VII.[1] We affirm.
 
 I.
 
 3
 Shirley M. Araujo, an Equal Employment Opportunity ("EEO") Officer at SAAD, was removed from federal service on July 22, 1981, for unsatisfactory performance and misconduct. The events leading up to that removal, as well as subsequent events, resulted in Araujo filing a series of administrative complaints and appeals. The only claim on appeal arises from an EEO complaint ("EEO-3"). EEO-3 included Araujo's claim that the process by which the vacant HEPM position was filled in 1981 was a reprisal for Araujo's protected EEO activities.
 
 
 4
 In February 1981, the HEPM position became vacant. A memorandum dated February 23, 1981, suggested that fluency in Spanish be made a Selective Placement Factor ("SPF") for the HEPM job. This suggestion conformed with the Department of Army preference, expressed in Civilian Personnel Regulation ("CPR") 700, that the HEPM be fluent in Spanish. CPR 700 also authorized inclusion of the language requirement as a SPF or requirement for selection. In a memorandum dated April 8, 1981, Araujo concurred with the language requirement, as demonstrated by her handwritten comments and signature on the document, as one necessary for an applicant to receive a rating of highly qualified during the selection process.
 
 
 5
 The Merit Promotion Announcement, which solicited applicants for the position, formally included fluency in Spanish as a prerequisite for selection to the HEPM position. Applications were accepted between April 15, 1981 and April 28, 1981. Additionally, the job description for the HEPM position contained the language requirement. Araujo, in her capacity as the EEO Officer, signed the job description on April 17, 1981.
 
 
 6
 Subsequently, Araujo was removed for cause from employment as an EEO Officer on charges of unsatisfactory performance, failure to follow her supervisor's orders, and improper conduct as a staff officer. These charges were based on a series of incidents, including Araujo's surreptitious tape recording of meetings with the SAAD commander, which she later played for her subordinates; failing to revise and reissue the SAAD EEO regulations; ignoring her supervisor's written directives; and failing to ensure that EEO complaints and reports were processed and completed in a timely manner. The Equal Employment Opportunity Commission ("EEOC") and the Merit Systems Protection Board ("MSPB" or "Board") ultimately sustained these charges and found no reprisal in Araujo's removal.
 
 
 7
 On July 29, 1981, Araujo filed EEO-3 with the Department of the Army and an appeal to the MSPB over her removal as an EEO Officer.
 
 
 8
 EEO-3 contained three allegations by Araujo: (1) she had been removed from federal service based on discriminatory grounds; (2) she was denied placement in the HEPM position because of her inability to speak Spanish; and (3) she was denied placement in any lower graded position as an alternative to removal due to the erroneous conclusion that she could not be trusted in light of her misconduct in secretly taping conversations with the Depot Commander and in allowing subordinate employees to hear the tapes.
 
 
 9
 After a number of intervening steps, Araujo requested a hearing before an EEOC complaints examiner. This hearing resulted in a recommended finding of no discrimination. The Army adopted this recommendation and issued a final agency decision on January 21, 1987. It is this final decision that forms the basis of Araujo's second cause of action on which the district court granted defendants' motion for summary judgment.
 
 II.
 
 10
 A grant of summary judgment is reviewed de novo. State Farm Fire and Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir.1989). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989); Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989).
 
 
 11
 A party may move for summary judgment if the pleadings and the supporting material "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment in favor of the moving party is therefore appropriate if the opposing party fails: (1) to produce evidence to support the existence of all essential elements on which the opposing party bears the burden of proof; and (2) to show that all disputes about material facts or necessary inferences from the facts could reasonably be resolved in favor of either party by the trier of fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Matsushita v. Zenith Radio, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). The essential inquiry is "whether [the evidence] is so one-sided that one party must prevail as a matter of law," Anderson, 477 U.S. at 252. Lastly, evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in that party's favor. Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587-88.
 
 III.
 
 12
 An employer violates Title VII of the Civil Rights Act when it discriminates against any employee who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).
 
 
 13
 A plaintiff bringing an action under this section is required to establish a prima facie case of retaliation by showing: (1) that she was engaging in a protected activity; (2) that she thereafter suffered an adverse employment decision; and (3) that there was a causal link between the protected activity and the adverse employment decision. Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1354 (9th Cir.1984); Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). The causation element in these cases requires the plaintiff to show "by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the firing and that but for such activity the plaintiff would not have been fired." Ruggles v. California Polytechnic State Univ., 797 F.2d 782, 785 (9th Cir.1986) (quoting Kauffman v. Sidereal Corp., 695 F.2d 343, 345 (9th Cir.1982)).
 
 
 14
 If the plaintiff makes a prima facie case, the burden of production shifts to the defendant employer to articulate some legitimate, nonretaliatory reason for the adverse employment decision. Wrighten, 726 F.2d at 1354. If the employer makes such a showing, the employee must be afforded a fair opportunity to show that a discriminatory intent motivated the employer's action. This may be accomplished indirectly by showing that the proffered explanation was a pretext, or directly by showing that a discriminatory reason more likely motivated the employer's action. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).
 
 
 15
 Araujo has not made the necessary showing on her retaliation claim. She has proved that she engaged in a protected activity and suffered an adverse employment decision. However, Araujo has not identified a genuine factual issue regarding the existence of a causal connection between the decision to include language proficiency as an employment criteria for the HEPM job (the factor which, given Araujo's undisputed inability to speak Spanish, would disqualify her) and any previous protected Title VII activity.
 
 
 16
 There are two factual issues which are material to Araujo's claim: when the language requirement was specified, and when Araujo first expressed an interest in the lower graded position. Without knowledge on the part of the relevant Army officials that Araujo was interested in this position, the decision to require fluency in Spanish could not possibly have the required casual nexus to Araujo's protected Title VII activities.
 
 
 17
 It is undisputed that Araujo never formally applied for the HEPM position. Although there is conflicting evidence, the earliest time Araujo alleged interest in the HEPM position was April 16, 1981, during a telephone conversation with an EEO Officer in Alexandria, Virginia. Assuming that defendants' agents at SAAD knew on April 16, 1981 that Araujo was interested in the HEPM position, this date was more than a month after the February 23, 1981 memorandum, which suggested the language requirement, and it was a week after the memoranda dated April 8, 1981, which documented the inclusion of the language requirement as a SPF for the HEPM position. Also, on April 17, 1981, Araujo signed the job description for the position, which stated: "Fluency in the Spanish language is required."
 
 
 18
 Araujo's declaration which asserts that "it was generally known at SAAD that I was interested in the position," and that the persons responsible for creating the language requirement "were well aware of my interest" in the HEPM position offers no support for her conclusory assertion. In any event, it is directly contradicted by Araujo's previous sworn testimony. A party cannot create her own issue of fact by an affidavit contradicting her previous sworn testimony; such factual disputes cannot reasonably be characterized as genuine. Radobenko v. Automated Equipment Corp., 520 F.2d 540, 544 (9th Cir.1975). Having testified under oath that her first expression of interest in the HEPM job occurred April 16, 1981, well after the undisputed documentary evidence demonstrates the establishment and Araujo's knowledge of the language requirement, Araujo cannot manufacture a genuine issue of material fact by executing a contradictory declaration.
 
 
 19
 As there is no genuine factual issue that the language requirement was finalized before Araujo expressed any interest in the HEPM position and before defendant could have anticipated that the requirement would affect Araujo, there is no casual nexus between the language requirement and Araujo's protected activities. Absent such a causal connection, Araujo cannot make a prima facie showing of reprisal.
 
 
 20
 Assuming, arguendo, that Araujo could establish a prima facie case of reprisal, defendants still met their burden by demonstrating legitimate, nonretaliatory reasons for why Araujo would not have been considered for the HEPM position. The reasons included Araujo's inability to speak Spanish and her misconduct and unsatisfactory performance as the EEO Officer. With the inference of reprisal rebutted, the burden then returned to Araujo to tender a genuine issue of material fact as to pretext. See Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983). A plaintiff can show pretext either by evidence that a discriminatory reason was more likely to have motivated the employer, or by evidence that the explanation offered is "unworthy of credence." Burdine, 450 U.S. at 256. Both the MSPB and the EEOC, as well as the complaints examiner on EEO-3 in 1986, found that the Army's stated reasons for termination were legitimate and nondiscriminatory. Araujo has been unable to show that the Army's explanation for her termination is "unworthy of credence." Accordingly, the grant of summary judgment was appropriate.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Originally, defendants sought dismissal of Araujo's second cause of action for lack of subject matter jurisdiction and, in the alternative, sought summary judgment on the claim
 consideration of Araujo's claim, EEO-3, was time barred because the underlying basis of her complaint was previously decided in separate administrative proceedings of which timely judicial relief was not sought and the time for seeking such relief has passed. The district court declined to rule on this motion in light of its rulings on defendants motion for summary judgment and assumed, arguendo, that Araujo's second cause of action was not time barred. Accordingly, we address only the district court's grant of summary judgment.